## JOAB BRIDGES *et al.* v. S. L. SARGENT.

1. TRESPASS, *Injunction to Restrain*. The petition for injunction alleges that the defendants "unlawfully and with force and arms entered upon said land, and broke the close of this defendant, and are now plowing up the clover and orchard-grass growing thereon, which is very valuable." *Held*, To constitute a trespass for which injunction will not lie.

2. EJECTMENT—*Nunc pro Tunc Order*. An action for an injunction by Sargent against Bridges and wife is not a proper proceeding in which to procure a *nunc pro tunc* order for the entry of judgment in the ejectment suit formerly brought by Bridges against Sargent.

MEMORANDUM.—Error from Lyon district court; CHARLES B. GRAVES, judge. Action for an injunc-

tion by S. L. Sargent against Joab Bridges and wife. Plaintiff had judgment, and defendant brings error. Reversed. Opinion filed June 19, 1895.

The statement of the case, as made by DENNISON, J., is as follows :

This was an action brought by the defendant in error, as plaintiff, against the plaintiffs in error, as defendants, in the district court of Lyon county, Kansas, for a perpetual injunction to restrain the defendants below from further interfering with the possession of the plaintiff below and from entering upon the following-described real estate, situated in the county of Lyon, state of Kansas, to wit, all the land on the west side of Wright's creek and on the north end of the east half of the northwest quarter of section 8, township 17, range 10. The plaintiff in said action ( this defendant in error ) sets up in his petition the following statement showing his title to said lands and his right of possession thereto, to wit, a contract between him and said Bridges, which is in words and figures as follows :

" Know all men by these presents, that we, Story Sargent and Joab Bridges, of Lyon county, Kansas, do, this 14th day of June, 1872, bind ourselves in the penal sum of $500 to abide by the following agreement made this day between us, to wit : That the party of the second part agrees to sell to the party of the first part all the land on the west side of Wright's creek and on the north end of the east half of the northeast quarter of section 8, township 17, range 10, situate in said Lyon county, Kansas ; and the said party of the second part expressly reserves all the timber on said land described above, and the party of the first part agrees to pay to the party of the second part an advance of one-half above the appraised value of said land as described herein, and also agrees not to interfere or file on said land when it shall come into market. Should the parties herein named faithfully

carry out all the stipulations herein specified, then this bond shall be void; otherwise it shall remain and be in full force and effect.     S. L. SARGENT.

JOAB BRIDGES (his X mark),
Per J. L. Stubbs."

The petition also sets out that on August 9, 1886, the said Joab Bridges brought his suit against this plaintiff in said court to recover possession of said land.     At the trial of said suit of ejectment, the same being tried by the court, the jury being waived, the court found the facts and the law in favor of this defendant in error.     The petition herein recites said findings, and the further fact that the court rendered judgment in favor of this defendant in error, S. L. Sargent, and against said Joab Bridges for costs, and it still remains unappealed from and in full force and effect, but by some oversight it seems that no journal entry had ever been spread upon the record of said court; and said petition asks that these plaintiffs in error, the defendants below, be enjoined and restrained from further interfering with the possession of said plaintiffs, and from entering upon said real property, and that at the next sitting of said court plaintiff may have a *nunc pro tunc* order of judgment in said cause, and that upon the final hearing thereof said injunction be made perpetual, and for all further and proper relief.

*Jetmore & Jetmore*, for plaintiffs in error.

*J. Jay Buck*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: The record presents only one question for us to consider in this case: Does the petition set forth such a statement of facts as would entitle

the plaintiff below, this defendant in error, to the relief demanded?   The petition alleges —

"That on July 28 or July 29, 1890, without any permission from this plaintiff, and without any warrant or authority of law, said defendants, being husband and wife, unlawfully and with force and arms entered upon said land and broke the close of this plaintiff, and are now plowing up the clover and orchard-grass growing thereon, which is very valuable; that if said defendants are permitted to continue their trespasses it will be to the great and irreparable injury of this plaintiff."

The only allegation in the petition as to the acts of the plaintiffs in error, for which the injunction is asked, is that they "unlawfully and with force and arms entered upon said land and broke the close of this plaintiff, and are now plowing up the clover and orchard-grass thereon, which is very valuable." This describes a trespass, and nothing more.   Injunction will not lie to restrain the commission of a pure, naked and simple trespass.   (*Gulf Rld. Co. v. Wheaton,* 7 Kas. 232.)   The petition further alleges "that if said defendants are permitted to continue their trespasses it will be to the great and irreparable injury of this plaintiff."   The attorneys for this defendant in error evidently understood that the acts complained of were merely acts of trespass, and so allege in their petition.   The prayer of the petition is as follows:

"Wherefore, this plaintiff prays that said defendants, and all acting under them, be enjoined and restrained from further interfering with the possession of said plaintiff, and from entering upon said real-estate property, and that at the next sitting of this court plaintiff may have a *nunc pro tunc* order of judgment in said cause, and upon the final hearing hereof said injunction may be made perpetual; and for all other and proper relief."

If this defendant in error had obtained all he demanded as to the injunction, he would have obtained an order restraining these plaintiffs in error from further trespassing upon the land set out in the petition. As to the statement that "it will be to the great and irreparable injury of the plaintiff," we do not think the facts set out in the petition will warrant this assertion. There is no allegation that the defendants in said cause were insolvent, or that a judgment for damages against them would not be collectible. On the contrary, the petition seems to show, by inference at least, that this defendant in error owes Joab Bridges an unpaid balance due him upon the contract for the land described in the petition.

As to the *nunc pro tunc* order of the entry of judgment, there seems to be no controversy or dispute as to the fact that the judgment was rendered in the case of Bridges against Sargent, and that no appeal had been taken from said judgment. The question is, had the court the right to make the order for the entry of said judgment as of March 11, 1887, and was this a proper proceeding in which to do so? While we do not question the right of the court to make the order in a proper proceeding, we must hold that this is not a proper proceeding in which to do so.

The judgment of the court below is reversed, and the case remanded for further proceedings.

All the Judges concurring.